CA 06 390 ML

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC MESSIER, d/b/a the LIBERTY FELLOWSHIP and the LIBERTY HOLDINGS TRUST,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

The United States of America, plaintiff, for its Complaint states as follows.

**Nature of Action**

1. The United States brings this complaint to enjoin Eric Messier, individually and doing business as the Liberty Fellowship, Liberty Holdings Trust, or through any other entity, and any other persons in active concert or participation with him, from directly or indirectly engaging in conduct subject to penalty under 26 U.S.C. (I.R.C. or "Code") § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of any shelter, plan, or arrangement, a statement the defendant knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws; and from violating any other provision of the internal revenue laws.

## Jurisdiction

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345, and I.R.C. §§ 7402(a) and 7408.

## Authorization

3. This action has been requested by a delegate of the Secretary of Treasury and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to I.R.C. §§ 7402 and 7408.

## Defendant

4. Eric Messier resides in Providence, Rhode Island.

## Defendant's Activities

5. Messier conducts business through the Liberty Fellowship and the Liberty Holdings Trust.

6. Messier markets a program or arrangement known as a "corporation sole" as a tax dodge to help participants evade reporting and paying federal income taxes, as well to conceal assets and thereby evade estate taxes and IRS collection efforts.

7. Corporations sole are authorized under the laws of some states to enable religious leaders to hold property and conduct business for the benefit of the religious entity (as opposed to the benefit of the individual office holder or entity creator). Rev. Rul. 2004-27, 2004-1 C.B. 625, 626. The purpose of a corporation sole is to ensure continuity of ownership of property dedicated to the benefit of a religious organization. By operation of law, title to property that vests in the office holder as a corporation sole passes to the successors to the office (not to the office holder's heirs).

8. Messier markets the program through word of mouth and in personal meetings with customers. He charges customers $2,500 to $10,000 to purchase his corporation-sole program.

9. Messier has promoted his corporation-sole program for at least the past four years. Messier continued to promote his corporation-sole program despite being notified that he is subject to an I.R.C. §§ 6700 and 7408 investigation.

10. Corporations sole do not bestow a special tax status on their creators. However, Messier falsely tells customers that his corporations sole provide significant tax advantages and can eliminate or reduce customers' federal tax liabilities.

11. In order to receive special tax status, an entity must independently qualify as a religious or charitable organization under I.R.C. § 501(c)(3). As part of the scheme, Messier falsely tells customers that his corporations sole do not have to qualify under that statute in order to enjoy tax-exempt status.

12. As part of the scheme, Messier falsely advises customers that they can treat their corporations sole as a "church" with no tax-return filing requirement, and yet can control and use the assets and income of the corporation sole for their own personal benefit.

13. Messier falsely advises participants that corporations sole that are used for the participants' personal benefit are tax-exempt, do not need to file tax returns of any kind, and do not need to keep records.

14. Messier falsely advertises that customers who have a corporation sole can assign their income to the entity and thereby transform taxable individual income into nontaxable income of the corporation sole.

15. Messier falsely states that a corporation sole can be engaged in any occupation, business or profession, and that all earnings therefrom are tax-exempt, and that no tax return need be filed.

16. Messier's promotional literature lists the following purported benefits of the corporation-sole program:

- You can legally generate income without any reporting requirements.
- A corporation sole is recognized by the IRS as a Section 508 non-profit entity.

- You can eliminate any interference with inheritance and can pass on all your assets to your family without probate or taxation.
- You can protect your assets from unnecessary government interference and taxation.
- Your corporation sole can be used to hold all your property (including homes, automobiles and RV's) and protect it from liens, levies, seizures and confiscation from events arising as a result of your personal actions.

17. Messier's statements about the tax benefits associated with the corporations sole are false or fraudulent.

18. The effect of Messier's corporation-sole promotion is that participants live in the same residence and operate the same business as they did before joining the program. Under the program, participants' living expenses are paid from the participants' earnings just as they were before creating the corporation sole. Participants receive the full benefit of, and have full control over, all corporation-sole funds. The only substantive change in the participants' regular business and lifestyle activities is the purported benefit of no taxation.

19. The corporations sole that Messier markets are operated for the benefit of the owner, are devoid of economic substance and are shams for federal tax purposes. The program constitutes an improper assignment of income and a fraudulent transfer of assets.

**Defendant's Knowledge of the Falsity of the Tax Benefits of His Tax-Fraud Schemes**

20. Messier held himself out as a tax expert by marketing the corporations sole and promoting its alleged tax benefits, and therefore he knew or should have known that the tax-fraud schemes promoted by the Liberty Fellowship and Liberty Holdings Trust were unlawful.

21. Messier knew that the corporation-sole program is identified in the IRS's annual consumer alert of tax scams that taxpayers are urged to avoid. IRS information related to this scam is available at http://www.irs.gov/newsroom/article/0,,id=136337,00.html.

22. Messier knew or had reason to know that federal courts have permanently barred other persons from promoting similar corporation-sole tax-fraud schemes, such as *United States v. Saladino*, case no. 2:04cv2100-FMC (January 25, 2005, C.D. Cal.), and *United States v. Blackstock*, case no. 04-cv-253-TCK (March 21, 2005, N.D. Okla.). Those court orders are available at www.usdoj.gov/tax/txdv05030.htm and www.usdoj.gov/tax/txdv05142.htm.

**Harm to the Government**

23. The tax-fraud schemes promoted and marketed by Messier through the Liberty Fellowship and Liberty Holdings Trust harm the government by fraudulently reducing customers' reported tax liabilities.

24. The Internal Revenue Service is harmed because it must dedicate scarce resources to detecting and examining inaccurate returns filed by defendant's customers, to preparing substitute returns for customers failing to file tax returns, and to attempting to recover unpaid taxes.

25. The IRS estimates that during 2001 the difference between the amount of taxes paid by U.S taxpayers, and the amount that should have been paid, equaled $345 billion. *See* http://www.irs.gov/newsroom/article/0,,id=154496,00.html. Tax-fraud schemes such as those promoted by defendant contribute to the under-reporting of taxes estimated in the report.

26. Defendant's background and extensive involvement in these elaborate tax-fraud schemes indicate that the misconduct described in this complaint or other similar misconduct is likely to recur unless he is permanently enjoined.

**Count I: Injunction under I.R.C. § 7408 for violations of I.R.C. § 6700**

27. The United States incorporates by reference the allegations contained in paragraphs 1 through 26.

28. Section 7408 authorizes a court to enjoin persons who have engaged in conduct subject to penalty under I.R.C. § 6700 from engaging in further such conduct or any other conduct subject to penalty under the Code.

29. Section 6700 imposes a penalty on any person who organizes or sells a plan or arrangement and in connection therewith makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement that the person knows or has reason to know is false or fraudulent as to any material matter.

30. In organizing and selling his corporation-sole program, Messier makes statements regarding the tax benefits associated with participation in the program that he knows are false or fraudulent as to material matters within the meaning of I.R.C. § 6700.

31. Unless enjoined by this Court, Messier is likely to continue to organize and sell his corporation-sole program and other tax-fraud programs.

**Count II: Injunction under I.R.C. § 7402**

32. The United States incorporates by reference the allegations contained in paragraphs 1 through 31.

33. Section 7402 authorizes courts to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.

34. Messier, through the actions described above, has engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

35. Messier's conduct results in irreparable harm to the United States for which the United States has no adequate remedy at law. Messier's conduct is causing and will continue to cause substantial revenue losses to the United States Treasury, much of which may be unrecoverable.

36. Unless Messier is enjoined, the IRS will have to devote substantial time and resources to identify and locate his customers, and then construct and examine those persons' tax returns and liabilities. The burden of pursuing individual customers may be an insurmountable obstacle, given the IRS's limited resources.

37. If Messier is not enjoined, he likely will continue to engage in conduct that obstructs and interferes with the enforcement of the internal revenue laws.

**Relief Sought**

WHEREFORE, plaintiff the United States of America respectfully prays for the following:

A. That the Court find that Messier has engaged in conduct subject to penalty under I.R.C. § 6700, and that injunctive relief is appropriate under I.R.C. § 7408 to prevent Messier, and any business or entity through which he operates, and anyone acting in concert with him, from engaging in further such conduct;

B. That the Court find that Messier has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief against Messier, and any business or entity through which he operates, and anyone acting in concert with him, is appropriate to prevent the recurrence of that conduct pursuant to the Court's powers under I.R.C. § 7402(a);

C. That the Court, pursuant to I.R.C. §§ 7402 and 7408, enter a permanent injunction prohibiting Messier, individually and doing business as the Liberty Fellowship, Liberty Holdings Trust or any other entity, and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with his, from directly or indirectly:

(1) Organizing, promoting, marketing, or selling any tax shelter, plan or arrangement that advises or assists customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including his corporation-sole program;

(2) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by reason of participating in any tax shelter, plan or arrangement;

(3) Instructing, assisting, or advising or assisting others to violate the tax laws, including to evade the payment of taxes;

(4) Engaging in conduct subject to penalty under I.R.C. § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of any plan, or arrangement, a statement Messier knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws; and

(5) Engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws; and

(6) Engaging in any activity subject to penalty under any other section of the Code.

D. That this Court, pursuant to I.R.C. § 7402, enter an injunction requiring Messier to contact by mail (or by e-mail, if a mailing address is unknown) all persons and entities who have previously purchased his corporation-sole scheme or any other plans, arrangements or programs, and inform those persons and entities of the Court's findings concerning the falsity of Messier's prior representations and attach a copy of the permanent injunction against Messier, and to file with the Court, within 20 days of the date the permanent injunction is entered, a certification signed under penalty of perjury stating that he has done so;

E. That this Court, pursuant to I.R.C. § 7402, enter an injunction requiring Messier to produce to counsel for the United States his complete customer list, including the names, addresses, e-mail addresses, telephone numbers, and social security or tax identification numbers, of all persons and entities who have purchased his corporation-sole scheme or any other tax plans, arrangements or programs, and to file with the Court, within 20 days of the date the permanent injunction is entered, a certification that he has done so;

F. That this Court order that the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction;

G. That this Court retain jurisdiction over this action for purposes of implementing and enforcing the final judgment; and

H. That the Court grant the United States such other and further relief as the Court deems proper.

ROBERT CLARK CORRENTE
United States Attorney

THOMAS M. NEWMAN
Trial Attorney, Tax Division
Conn. Bar. No. 422187
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 616-9926

Attorney for the United States of America