IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC MESSIER, d/b/a the LIBERTY FELLOWSHIP, and the LIBERTY HOLDINGS TRUST,<br><br>Defendant. | ) | Case No. 1:06-cv-00390-ML-DLM |

**FINAL JUDGMENT OF PERMANENT INJUNCTION**

Plaintiff, the United States of America, has filed a Complaint for Permanent Injunction against defendant Eric Messier. Messier does not admit the allegations in the Complaint, except that he admits that the Court has jurisdiction over him and over the subject matter of this action. Messier waives the entry of findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 and Internal Revenue Code (I.R.C.) (26 U.S.C.) §§ 7402(a) and 7408.

Messier consents to entry of this Final Judgment of Permanent Injunction without admitting that grounds exist for imposition of an injunction. Messier enters into this Final Judgment of Permanent Injunction voluntarily and waives any right he may have to appeal from it.

Messier consents to entry of this Final Judgment of Permanent Injunction without further notice and agrees that this Court shall retain jurisdiction over him for the purpose of implementing and enforcing this Final Judgment of Permanent Injunction.

The Court accordingly ORDERS, ADJUDGES, AND DECREES that:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and I.R.C. §§ 7402(a) and 7408.

2. The Court finds that the tax-fraud schemes promoted by Messier as described in the Complaint violate various provisions of the Internal Revenue Code.

3. The Court finds that Messier consents to the entry of this injunction.

4. It is further ORDERED that Messier, individually and doing business under any other name or using any other entity, and his representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with him, is permanently enjoined and restrained from, directly or indirectly:

(a) Making representations, in connection with the organization or sale of any tax shelter, plan, or arrangement, that:

(1) corporations sole have no tax return filing or payment requirements, and are tax-exempt regardless of their activities;

(2) individuals can assign their income to corporations sole and eliminate their income tax return filing and payment requirements while retaining control over the assets and income;

(3) payments or gifts to corporations sole are tax deductible; and

(4) corporations sole can gift property to individuals or entities tax-free, for any reason or no reason;

(b) Selling services or products designed to assist customers to evade reporting, filing, and paying taxes, including:

(1) preparing and selling documents purporting to create corporations sole for individuals;

(2) obstructing or advising or assisting anyone to obstruct, IRS examinations, collection actions, or other IRS actions;

(3) advising anyone that he or she is not required to file federal tax returns or pay federal taxes;

(4) instructing, advising, or assisting anyone to stop withholding federal employment taxes from wages;

(5) selling or distributing any promotional materials containing false commercial speech regarding the internal revenue laws or speech likely to incite others imminently to violate the internal revenue laws;

(c) Organizing (or assisting in organizing) or participating, directly or indirectly, in the sale of any interest in any entity, plan, or arrangement, including but not limited to those discussed above, that incites or assists customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities or unlawfully claim improper tax refunds;

(d) Engaging in activity subject to penalty under 26 U.S.C. § 6700, including making, in connection with the organization or sale of any plan or arrangement, any statement about the securing of any tax benefit that the defendant knows or has reason to know is false as to any material matter;

(e) Engaging in conduct subject to penalty under any provision of the Internal Revenue Code, or engaging in any other conduct that interferes with the administration and enforcement of the internal revenue laws; and

(f) Misrepresenting the terms of this injunction.

5. It is further ORDERED pursuant to I.R.C. § 7402(a) that Messier and his representatives, agents, servants, employees, attorneys, and those persons in active concert or

participation with him shall remove from defendant's website, false commercial speech regarding the internal revenue laws, and speech likely to incite others imminently to violate of the internal revenue laws; shall display prominently on the first page of the website a complete copy of the permanent injunction; and shall maintain the website for one year with a complete copy of the Court's permanent injunction so displayed throughout that time;

6. It is further ORDERED that Messier fulfill the requirements of paragraph 5 within 15 days of the entry of this judgment and file a sworn certificate of compliance with the requirements of paragraph 5 within 20 days of the entry of this judgment.

7. It is further ORDERED that defendant, at his own expense, notify all individual and entity members of the Liberty Fellowship and inform them of the entry of this permanent injunction and stipulated settlement, and provide a copy of this permanent injunction and stipulated settlement to those persons, and file with the Court, within 60 days of the date of this order, a certification that he has done so.

8. It is further ORDERED that the United States is permitted to engage in post-judgment discovery to ensure compliance with this permanent injunction.

9. It is further ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Final Judgment of Permanent Injunction.

SO ORDERED this _____ day of ______________, 2006.

_______________________________
Mary M. Lisi
United States District Judge

ROBERT CLARK CORRENTE
United States Attorney

KEVEN A. MCKENNA
Keven A. McKenna, P.C.
23 Acorn Street
Providence, Rhode Island 02903
Tel: (401) 273-8200
Fax: (401) 521-4820
Email: kevenm@mckennalaw.cc

Attorney for defendant

THOMAS M. NEWMAN
Trial Attorney, Tax Division
Conn. Bar. No. 422187
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9926

Attorney for the United States of America